J-A09032-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NICHOLAS L BOWEN | : | |
| | : | |
| Appellant | : | No. 1078 WDA 2017 |

Appeal from the Judgment of Sentence March 3, 2017
In the Court of Common Pleas of Venango County Criminal Division at
No(s):  CP-61-CR-0000866-1997

BEFORE:  BOWES, J., DUBOW, J., and MURRAY, J.

CONCURRING STATEMENT BY BOWES, J.:        FILED SEPTEMBER 5, 2018

I join Judge Murray's well-reasoned memorandum.  I write separately to note that, pursuant to Commonwealth v. Batts, 163 A.3d 410 (Pa. 2017), "if the Commonwealth seeks to have the sentencing court impose a sentence of life without parole on a juvenile offender, it must provide reasonable notice to the defendant prior to the sentencing hearing." Id. at 455.

Furthermore, while the trial judge opined that Batts would not have changed its sentence, observations within Batts encourage the use of expert testimony.  See Majority Memorandum at 8 n.1.  Additionally, Justice Wecht's concurring opinion observed:

> Following today's decision, the Commonwealth likely will (and I believe should) retain and present an expert in the vast majority of LWOP resentencing hearings, if not in all of them. That being the case, equity demands that trial courts exercise their discretion to provide such juveniles with their own expert, in the event that the juvenile cannot afford one on his or her own.

Id. at 460–61 (Wecht, J., concurring).

Accordingly, I would encourage the trial court to afford Appellant adequate opportunity to respond to any notice filed upon remand.